IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3112-FL

| | |
|---|---|
| MICHAEL HUNT, | ) |
|       Plaintiff, | ) |
| v. | )     ORDER |
| ROBESON COUNTY; ENID BEGAY; TAMMY BRITT; KENNETH SEALEY; TERRY HARRIS; TERRY MARTIN; UNKNOWN JOHN DOE DEFENDANT; and WESTERN SURETY COMPANY, | ) |
|       Defendants. | ) |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the second motion to dismiss (DE # 34) pursuant to Federal Rule of Civil Procedure 12(b)(6) of defendant Kenneth Sealey ("Sealey"), to which plaintiff did not respond. Also before the court is the motion to compel discovery and motion for expenses (DE # 42) filed by Sealey as well as defendants Enid Begay ("Begay"), Tammy Britt ("Britt"), Terry Harris ("Harris"), Robeson County, and Western Surety. Plaintiff responded to defendants' motion for expenses. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants Sealey's motion to dismiss, denies as moot defendants' motion to compel, and denies defendants' motion for expenses.

**STATEMENT OF THE CASE**

On May 7, 2010, plaintiff filed this action in the Robeson County Superior Court, alleging defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth

and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges a supervisor liability claim against Sealey, Harris, and Martin. Finally, plaintiff alleges that Robeson County, Sealey, Harris, Martin, Begay, Britt, and Western Surety acted with negligence in providing plaintiff medical care. On June 28, 2010, defendants removed this case to federal court pursuant to 28 U.S.C. § 1441, on the grounds that the action states a federal question.

On February 24, 2011, the court granted Sealey's motion to dismiss pursuant to Rule 12(b)(5) for failure to effectuate proper service of process. The court dismissed plaintiff's claim against Sealey without prejudice. Plaintiff then re-served Sealey on March 28, 2011. On April 12, 2011, Sealey filed his second motion to dismiss, arguing that plaintiff failed to timely serve him in accordance with Rule 4(m). Although he was notified of Sealey's motion to dismiss and requested two extensions of time to respond, plaintiff failed to respond.

On September 16, 2011, defendants filed a motion to compel discovery and motion for expenses. Defendants withdrew their motion to compel on September 28, 2011. On October 7, 2011, plaintiff responded to defendants' motion for expenses.

## DISCUSSION

A. Motion to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp.

2

v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2. Analysis

Sealey argues that he should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(5) because plaintiff failed to effectuate service of process within the time requirements proscribed by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . ."

Plaintiff filed this action on May 7, 2010, and subsequently timely served Sealey. On February 24, 2011, the court granted Sealey's motion to dismiss pursuant to Rule 12(b)(5) because plaintiff did not serve him in compliance with the procedures for service set forth in N.C. Gen. Stat.

§ 162-16.[1]

Plaintiff re-served Sealey on March 28, 2011, which was outside the one hundred twenty (120) day time limit prescribed by Rule 4(m). Sealey then filed a second motion to dismiss, arguing that plaintiff failed to timely serve him pursuant to Rule 4(m). Plaintiff subsequently requested two motions for an extension of time to respond to Sealey's motion, but did not file a response. Accordingly, plaintiff has not demonstrated good cause for his failure to perfect service on Sealey within the one hundred and twenty (120) day time period required by Rule 4(m). Thus, Sealey's motion to dismiss is GRANTED, and plaintiff's claims against him are dismissed without prejudice. See Price v. Sanders, 2009 WL 2157687, 339 F. App'x 339, 339 (4th Cir. 2009).

B.  Motion to Compel

1.  Discovery Requests

Rule 37(a)(3)(B) allows the filing of a motion to compel where a party fails to answer interrogatories or fails to respond to requests for production of documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Here, defendants filed a motion to compel discovery on September 16, 2011, seeking a response to their first set of discovery requests, served on April 25, 2011. On September 28, 2011, defendants filed a notice stating that plaintiff responded to their discovery requests, and that they no longer seek an order from this court compelling discovery. Based upon the foregoing, defendants' motion is DENIED as moot.

---

[1] This case initially was filed in North Carolina State court. Accordingly, North Carolina law controls the sufficiency of service of process in this action. See Goodwin v. Furr, 25 F. Supp. 2d 713, 717 (M.D.N.C. 1998). Specifically, N.C. Gen. Stat. § 162-16 provides the exclusive means to effectuate service of process upon a sheriff and his deputies. See Mabee v. Onslow County Sheriff's Department, 174 N.C. App. 210, 211, 620 S.E.2d 307, 308 (2005).

2. Expenses

Rule 37(a)(5)(A) provides for the award of expenses where a motion to compel is granted, absent certain specified circumstances. Rule 37 states in relevant part:

> If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: . . .
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, the parties dispute whether plaintiff timely complied with defendants' discovery requests. However, aside from the timeliness issue, defendants failed to comply with the court's case management order, setting forth procedures governing discovery disputes, prior to filing their motion to compel.[2] In particular, defendants failed to convene a telephone conference through the court's case manager prior to filing their motion to compel. As a result, the court finds that an award of expenses is not warranted, and DENIES defendants' request for expenses.

## CONCLUSION

Based upon the foregoing, Sealey's motion to dismiss (DE # 34) is GRANTED, and

---

[2] The court's case management order states: "Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager, at (252)638-8534. . . Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances summarily will be denied." (DE # 38, p. 8.)

5

plaintiff's claims against Sealey are DISMISSED without prejudice pursuant to Rule 4(m). Defendants' motion to compel (DE # 42) is DENIED as moot. Defendants' motion for expenses (DE # 42) is DENIED.

SO ORDERED, this the 5th day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge